IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AVENUE ENTERTAINMENT GROUP, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 3:25-CV-1507-D |
| NCR CORPORATION | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed diversity action, defendant NCR Voyix Corporation, f/k/a NCR Corporation ("NCRV"), moves for summary judgment against plaintiff Avenue Entertainment Group, Inc. ("Avenue"). For the reasons that follow, the court grants the motion and dismisses this action with prejudice.

I

The undisputed facts are as follows. Avenue is a hospitality company that operates Theory Nightclub ("Theory") in Dallas, Texas. NCRV provides products and services for digital commerce. On December 9, 2021 Avenue and NCRV entered into a Master Hospitality Subscription Program Agreement ("Agreement") through which NCRV agreed to install upgraded point-of-sale ("POS") hardware and software to be used at Theory. The Agreement contains a choice-of-law provision that, with limited exceptions, selects New York law to govern its provisions. It also contains a provision that shortens to two years the limitations period to bring a claim for breach of the Agreement.

Avenue asserts that, while installing the POS hardware and software, NCRV included an auto-settle feature that automatically closed, batched, and settled all customer tabs at midnight.  As a result, if a bartender at Theory closed out a bar tab before midnight but had not yet added tips, the system would close out the tab without tips.  Avenue contends that the auto-settle feature caused it to lose $76,926.38 in tips, and that it did not become aware of the missing tips until August 2023.

On March 20, 2025 Avenue filed its original petition in Dallas County district court, alleging a claim for breach of contract.  NCRV removed the case to this court and now moves for summary judgment.  Avenue opposes the motion, which the court is deciding on the briefs, without oral argument.

II

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial.  *See TruGreen*

*Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

To be entitled to summary judgment on a claim or defense for which the movant will have the burden of proof at trial, the movant "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must demonstrate that there are no genuine and material fact disputes and that the movant is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

III

As a preliminary matter, the court notes that, in responding to NCRV's motion for summary judgment, Avenue failed to satisfy its obligations under Fed. R. Civ. P. 56(c)(1) and N.D. Tex. Civ. R. 56.5(c).

Rule 56(c)(1) provides:

> [a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . [or] showing that the materials cited do not

> establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

In other words, "Rule 56 . . . saddles the non-movant with the duty to 'designate' the specific facts in the record that create genuine issues precluding summary judgment, and does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996).

Moreover, N.D. Tex. Civ. R. 56.5(c) provides that, "[w]hen citing materials in the record, as required by Fed. R. Civ. P. 56(c)(1) . . . , a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." *See also, e.g.*, *Ellis v. Crawford*, 2007 WL 1624773, at *3 (N.D. Tex. June 6, 2007) (Fitzwater, J.).

Although Avenue's response brief appears to reference portions of the summary judgment record, it contains no record citations, leaving the court to link Avenue's factual assertions to evidence contained in its or NCRV's appendix. Avenue's failure to comply with Rule 56(c) and Local Civil Rule 56.5(c) is a sufficient basis of itself for the court to grant NCRV's summary judgment motion. *See Johnson v. City of Dallas*, 2001 WL 332021, at *2 n.2 (N.D. Tex. Apr. 3, 2001) (Fitzwater, J.) (noting that "the court ruled adversely to summary judgment movants and nonmovants where *inter alia* they failed to comply with Rule 56.5(c)").

Despite this deficiency, the court will not grant summary judgment based on Avenue's failure to cite the record. Considering the relatively abbreviated record on which NCRV's

- 4 -

summary judgment motion is based, and because this procedural defect has not interfered with the decisional process of the court, the court will excuse this error in this case. Litigants cannot assume, however, that the court will show similar leniency in other cases or under different circumstances.

IV

Turning to the merits of NCRV's motion, the court first considers whether Avenue's breach of contract claim is time-barred.

A

Because the expiration of the limitations period is an affirmative defense, *Midland Funding, LLC v. Johnson*, 581 U.S. 224, 230 (2017), NCRV bears the burden to establish beyond peradventure that Avenue's claim is time-barred. *Bank One*, 878 F. Supp. at 962. NCRV points out that, under the Agreement, for claims "arising under or related to [the] Agreement," "[n]either party may bring a claim more than 2 years after the underlying cause of action first accrues." D. App. 16-3 at 13 ¶¶ 13.1, 13.2. NCRV maintains that the contractual provision shortening the limitations period to two years is enforceable under both Texas and New York law, which the parties selected to govern the Agreement. NCRV contends that Avenue's claim accrued in February 2022, when the alleged breach occurred, and that this claim is time-barred because Avenue did not assert it until March 2025, more than two years later.

Avenue responds that NCRV has not established that the two-year contractual limitations period is enforceable, and that even if it were enforceable, under the discovery

rule, Avenue's claim did not accrue until it discovered the missing tips in August 2023.

B

The court considers first whether the two-year contractual limitations period is enforceable.

Because there is no conflict between Texas and New York law with respect to the enforceability of a two-year contractual limitations period, the court need not conduct a choice-of-law analysis. *See Cypress/Spanish Ft. I, L.P. v. Pro. Serv. Indus., Inc.*, 814 F.Supp.2d 698, 708 (N.D. Tex. 2011) (Boyle, J.). Under Texas law, parties generally may contract to shorten the limitations period for a breach of contract action, so long as that period is not shorter than two years. *Spicewood Summit Off. Condos. Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 464 (Tex. App. 2009, pet. denied) (citing Tex. Civ. Prac. & Rem. Code 16.070(a)); *see also Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 311 (5th Cir. 2019) (recognizing that Texas law "permit[s] contracting parties to modify the four-year default period so long as it remains at least two years").

Similarly, under New York law, "[p]arties to a contract may agree in writing to shorten the period of time in which to commence an action provided the intent to do so is expressed in clear terms and the time period is reasonable." *Whitney Lane Holdings, LLC v. Don Realty, LLC*, 159 A.D.3d 1163, 1165 (N.Y. App. Div. 2018). New York courts have consistently held that a time period of two years is reasonable. *See DiPietro v. Feldman-Mondlick, Inc.*, 6 A.D.3d 1216, 1217 (N.Y. App. Div. 2004) (two years); *Diana Jewelers of Liverpool, Inc. v. A.D.T. Co.*, 167 A.D.2d 965, 965 (N.Y. App. 1990) (one year);

*Top Quality Wood Work Corp. v. City of New York*, 191 A.D.2d 264, 264 (N.Y. App. Div. 1993) (six months).  And Avenue has failed to demonstrate that, in the circumstances of this case, a two-year limitations period was unreasonable.

Accordingly, the court concludes that, under either state's law, the Agreement's two-year limitations period is enforceable.

C

The court turns next to Avenue's reliance on the discovery rule.

1

Texas and New York law differ with respect to this issue.  Under both states' laws, a breach of contract action generally accrues when the alleged breach occurs.  *See Perdido Props. LLC on Behalf of Bremer v. Devon Energy Prod. Co.*, 669 S.W.3d 535, 556 (Tex. App. 2023, pet. denied) (citing *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990)); *R.V.R. Realty, LLC v. Tenants All.*, 305 A.D.2d 289, 290 (N.Y. App. Div. 2003).  But although the discovery rule can apply to a breach of contract claim under Texas law, *see Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006), "New York does not apply the 'discovery' rule to statutes of limitations in contract actions."  *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 25 N.Y.3d 581, 594 (N.Y. 2015).  Under New York law, therefore, Avenue's breach of contract claim would have become time-barred in February 2024, two years after the alleged breach.  Avenue presents no argument regarding which state's law applies to the statute of limitations.  But because Avenue's breach of contract claim is time-bared even if Texas law and the Texas discovery rule apply, the court will assume *arguendo*

- 7 -

that Texas law and the Texas discovery rule control in this case.[1]

2

"[T]he discovery rule is a narrow exception reserved for 'exceptional cases' and its applications 'should be few and narrowly drawn.'" *Clouse v. S. Methodist Univ.*, 2025 WL 2427755, at *4 (5th Cir. Aug. 22, 2025) (per curiam) (quoting *Berry v. Berry*, 646 S.W.3d 516, 524 (Tex. 2022)). Under Texas law, "[i]n order for the discovery rule to apply, the nature of the injury must be inherently undiscoverable and the injury itself must be objectively verifiable." *TIB—The Indep. BankersBank v. Canyon Cmty. Bank*, 13 F.Supp.3d 661, 668 (N.D. Tex. 2014) (Fitzwater, C.J.) (quoting *Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006)). "An injury is not inherently undiscoverable when it is the type of injury that could be discovered through the exercise of reasonable diligence." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 66 (Tex. 2011); *see also Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 200 (5th Cir. 2021) ("Texas courts have set the inherently undiscoverable bar high, to the extent that the discovery rule will apply only

---

[1]Although Avenue has not briefed the issue, applying Texas law to the statute of limitations issue appears to be the proper approach. A federal court sitting in diversity must apply the conflict of laws rules of its forum state (here, Texas). *Cypress/Spanish Ft. I*, 814 F.Supp.2d at 708. "Under Texas law, statutes of limitations are considered to be procedural, not substantive," and Texas courts will generally apply Texas law to procedural matters notwithstanding the existence of a valid contractual choice-of-law provision. *Id.*; *see Woolley v. Clifford Chance Rogers & Wells, L.L.P.*, 2004 WL 57215, at *3 (N.D. Tex. Jan. 5, 2004) (Fitzwater, J.) ("The Fifth Circuit has held that Texas applies its own statute of limitations, regardless what substantive law applies."). In any event, the court's conclusion that Avenue's claim is time-barred is the same regardless whether Texas or New York law applies.

where it is nearly impossible for the plaintiff to be aware of his injury at the time he is injured." (citation omitted)).  Because NCRV bears the burden of establishing its limitations defense beyond peradventure, it "must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised."  *Woolley*, 2004 WL 57215, at *6 (quoting *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)); *see also McGowan v. S. Methodist Univ.*, 715 F.Supp.3d 937, 946 (N.D. Tex. 2024) (Godbey, J.), *aff'd sub nom. Clouse v. S. Methodist Univ.*, 2025 WL 2427755 (5th Cir. Aug. 22, 2025) (per curiam).[2]

3

NCRV has met this burden.  NCRV has conclusively proved, and Avenue has not contested, that the purported breach occurred when NCRV installed updated POS hardware and software with the auto-settle feature in February 2022.  NCRV also points to evidence that Avenue's injury was not inherently undiscoverable because Avenue could have discovered the missing tips through the exercise of reasonable diligence.

Katherine Tesno ("Tesno"), Avenue's corporate representative, testified that she and one other Avenue employee were responsible for managing Theory's books during the relevant period.  Tesno admitted that Theory's revenue would appear "a little short," D. App. (ECF No. 16-1) at 35:7-8, but that Avenue assumed that this was due to other causes, such

---

[2]For purposes of deciding this motion for summary judgment, the court will assume *arguendo* that NCRV bears the burden under Texas law of negating the applicability of the discovery rule.

as declined cards or customer chargebacks, even though Avenue would be notified when one of these other losses occurred.  Although Tesno averred that the discrepancy caused by the missing tips was not "as noticeable" until August 2023, *id.* at 35:24, her testimony indicates that this sum grew over time and that Avenue could have discovered it at an earlier point, had it done the math.  Avenue's answers to NCRV's interrogatories also reveal that Theory enforced a series of procedures regarding the processing of payments, including tips, to maximize accuracy and minimize discrepancies in payment processing.  Even if the court accepted Avenue's assertion that it could not have disabled or viewed the auto-settle feature, the summary judgment record, including the two half-page declarations offered by Avenue, demonstrates that, had Avenue exercised reasonable diligence in managing its financial records and investigating discrepancies earlier, it could have discovered the missing tips. *Acad. of Allergy*, 998 F.3d at 202 (concluding that lost revenue was not an inherently undiscoverable injury); *Refuge Temple Ministries, Inc. v. JP Morgan Chase Bank, NA*, 2014 WL 12537165, at *5 (S.D. Tex. Jan. 24, 2014) (concluding that discrepancy in interest rates charged could have easily been discovered during the limitations period had the plaintiff taken steps to investigate earlier); *FDSTO, Inc. v. Blakeslee*, 2001 WL 617825, at *4 (Tex. App. June 7, 2001, no writ) (mem. op.) (holding that injury was not inherently undiscoverable when it could have been discovered through diligent review of business records).

The court therefore concludes that NCRV has established conclusively and beyond peradventure that Avenue's breach of contract claim accrued in February 2022, the two-year

- 10 -

limitations period expired in February 2024, and the limitations period was not tolled under the discovery rule.  Accordingly, Avenue's breach of contract claim is time-barred, and NCRV is entitled to summary judgment.

V

Even if Avenue's breach of contract claim is not barred by limitations, summary judgment would also be warranted on the separate ground that Avenue failed to demonstrate that a reasonable trier of fact could find that NCRV is liable for breaching the Agreement.[3]

A

To prevail on a breach of contract claim under New York law,[4] a plaintiff must

---

[3]Neither side has filed a jury demand.  In a non-jury case, "a district court has somewhat greater discretion to consider what weight it will accord the evidence." *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 676 (5th Cir. 2010) (quoting *In re Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991)).  "When deciding a motion for summary judgment prior to a bench trial, the district court 'has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result.'"  *Id.* (quoting *In re Placid Oil Co.*, 932 F.3d at 398).

[4]Because Avenue does not contest NCRV's contention that New York law governs Avenue's claim, the court will assume that it does. *See Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.*, 346 F.3d 530, 534 n.1 (5th Cir. 2003) (explaining that a court need not address choice of law issues *sua sponte*, unless they bear on the court's subject matter jurisdiction).  In any event, this appears to be the proper approach.  "Generally, Texas law gives effect to contractual choice-of-law provisions." *O'Connor v. Cory*, 2018 WL 5117197, at *9 (N.D. Tex. Oct. 19, 2018) (Boyle, J.), *aff'd sub nom. Cory v. Stewart*, 103 F.4th 1067 (5th Cir. 2024).  Although a party can overcome a contractual choice-of-law provision, the party seeking to do so bears the burden to show it does not apply. *See Maynard v. PayPal, Inc.*, 2019 WL 3552432, at *4 (N.D. Tex. Aug. 5, 2019) (Fitzwater, J.).  Avenue's response brief, which contains no citation to legal authority and does not address the choice-of-law issue, fails to satisfy this burden.  And even if the court were to apply Texas' nearly identical breach of contract standard, its conclusion would be the same. *See Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (outlining the elements of a breach of contract

- 11 -

establish that "(1) a contract exists . . . ; (2) [the] plaintiff performed in accordance with the contract . . . ; (3) [the] defendant breached its contractual obligations . . . ; and (4) [the] defendant's breach resulted in damages." *34-06 73, LLC v. Seneca Ins. Co.*, 39 N.Y.3d 44, 52 (N.Y. 2022). NCRV has pointed to the absence of evidence to support Avenue's assertion that NCRV breached the Agreement, and Avenue must therefore designate specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 325.

B

Avenue has failed to satisfy its burden because it has not cited to a provision of the Agreement that NCRV allegedly breached. *Louisma v. Apex Tech. Sch., 80 Misc. 3d 1213(A)*, 195 N.Y.S.3d 428 (N.Y. Sup. Ct. 2023) ("[T]he plaintiff's allegations must identify the provisions of the contract that were breached." (citation omitted)); *Baker v. Great N. Energy, Inc.*, 64 F.Supp.3d 965, 971 (N.D. Tex. 2014) (Boyle, J.) ("[A] plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant." (citation omitted) (collecting cases)). In its response brief, Avenue maintains that the Agreement "covers NCR[V]'s provision of[] POS software, hosted software, equipment, implementation, maintenance, support services, and payment related operational functionality," P. Resp. at 3; that "NCR[V] warranted that products would materially conform to product documentation, services would be performed professionally, and products would materially conform to requirements stated in the Order," *id.* at 4; and that

---

claim under Texas law).

"the Agreement expressly includes implementation services, hosted software access, support obligations, and system functionality obligations," *id.* at 5.  None of these vague and unsupported assertions identifies a specific provision of the Agreement that NCRV breached by installing the auto-settle feature.[5]  Avenue has therefore failed to raise a genuine issue of material fact with respect to whether NCRV breached the agreement.  *See TruGreen Landcare*, 512 F.Supp.2d at 623 (noting that nonmovant's "failure to produce proof as to [one] essential element" of a claim is sufficient to warrant summary judgment).

Accordingly, even if Avenue's breach of contract claim is not time-barred, summary judgment is appropriate on the alternative ground that Avenue failed to demonstrate that a reasonable trier of fact could find that NCRV is liable for breaching the Agreement.

---

[5]Avenue's reference to warranties under the Agreement is unavailing.  First, Avenue has not pleaded a breach of warranty claim and cannot properly do so for the first time in its summary judgment response.  *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court."); *Jones v. Hill's Heating & Air Conditioning, Inc.*, 67 A.D.3d 1432, 1433 (N.Y. App. Div. 2009) (noting that breach of contract and breach of warranty are distinct claims).  Second, even if Avenue could properly recast its claim as a breach of warranty claim, the Agreement's warranties expired 30 to 90 days after delivery, and to enforce the warranties, Avenue was required to give NCRV notice during the warranty period.  Avenue did not assert its claim within that period.  Nor has Avenue directed the court to any evidence that would allow a reasonable trier of fact to conclude that it provided NCRV the required notice.

*   *   *

For the reasons explained, the court grants NCRV's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

July 22, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE